

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00348-CR

SAVANNA LEE BIBLE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 316th District Court
Hutchinson County, Texas
Trial Court No. 11,562; Honorable James M. Mosley, Presiding

January 10, 2019

## CONCURRING OPINION

### Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant, Savanna Lee Bible, appeals the judgment of the trial court contending it erred by excluding relevant evidence. Because I believe the State has misconstrued the nature of Appellant's claim of error as one raising a constitutional issue, thereby causing the majority to conclude that Appellant's complaint was not preserved for appellate review, I write separately to state my conclusion that Appellant's claim of error was properly preserved. Although I find the error alleged was properly preserved, I concur

in the ultimate outcome of this case because I find the trial court did not err in excluding the proffered testimony and, alternatively, that the error, if any, was harmless.

BACKGROUND

As stated by the majority, a jury found Appellant guilty of aggravated assault with a deadly weapon.[1]  In a single issue, Appellant contends:

> **The Trial Court committed reversible error by excluding relevant evidence of [the] victim's membership in prison gangs which would have aided Appellant in her self defense case, thus denying her fundamental right to a fair trial.**

In response, the State raises a "Counterissue" stating:

> **Appellant did not produce an adequate offer of proof and, therefore, did not preserve Appellant's sole point of error on appeal.**

Separately, the State's "Response to Point of Error One" states:

> **The trial court did not [err] by excluding relevant evidence of [the] Victim's alleged prison gang membership as it would not aid in any self-defense argument.**

In summary, the facts relevant to this appeal are as follows:  the victim, Brian Larson, was engaged in a heated verbal argument with his daughter, Destiny Laiche, after he confronted her in a local retail store with her girlfriend, the Appellant.  The store clerk asked the parties to take their differences outside and upon reaching the parking lot, the verbal argument between the victim and Destiny continued; however, no physical altercation ever occurred.  Shortly thereafter, Appellant pulled a handgun on the victim and told him to back up, saying, "Brian, you're not going to hit [Destiny]."  At that point, the victim left the scene and Appellant stayed until the police arrived.

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011).

At Appellant's trial for aggravated assault, her counsel attempted to offer evidence of the victim's prior prison gang affiliations. Appellant's trial strategy was that the victim was a self-admitted member of one or more prison gangs, e.g., Aryan Brotherhood, KKK, and White Pride, with homophobic tendencies that made her claim of defense of others (in this case, Destiny) more likely. The State contends Appellant "failed to properly preserve the error by providing an adequate offer of proof . . . [and she] did not raise any Sixth Amendment arguments at trial."

ANALYSIS

In its opinion, the majority accepts the State's argument that Appellant did not preserve error because she "did not raise her Sixth Amendment right to a fair trial argument with the trial court . . . ." The problem with this position is that the State has mischaracterized Appellant's claim of error as an issue regarding the Sixth Amendment and Appellant's fundamental right to a fair trial. The analytical flaw in this argument is that simply is not the case. Appellant's issue is that the "Trial Court committed reversible error by excluding relevant evidence of [the] victim's membership in prison gangs . . . ." References by Appellant in her briefing to a "fundamental right to a fair trial" are merely statements regarding the relevance of the proffered testimony to her affirmative defense concerning defense of a third person. *See* TEX. PENAL CODE ANN. § 9.33 (West 2011).

The record below reveals that Appellant's counsel asked questions of the victim seeking to solicit evidence of his prison gang membership, specifically a swastika tattoo on his forearm. The State objected to that line of questioning and the trial court sustained that objection. Appellant's counsel was, however, allowed to make an eventual offer of proof regarding the victim's prison time and gang affiliations. The Texas Rules of

3

Evidence make clear that in order to preserve error regarding the exclusion of evidence, all the proponent is required to do is to make an offer of proof and obtain a ruling. *Suniga v. State*, No. AD-77,041, 2017 Tex. Crim. App. Unpub. LEXIS 892, at *65, n.15 (Tex. Crim. App. Feb. 1, 2017) (citing *Reyna v. State*, 168 S.W.3d 173, 176 (Tex. Crim. App. 2005)). Because Appellant did just that, any alleged error pertaining to the exclusion of the proffered testimony was preserved.

An accused may offer reputation or opinion testimony or evidence of specific prior acts of violence by the victim to show the "reasonableness of the defendant's claim of apprehension of danger" from the victim. *Ex parte Miller,* 330 S.W.3d. 610, 618 (Tex. Crim. App. 2010). The purpose of such evidence is to show that the accused was aware of the victim's violent tendencies and, as a result thereof, perceived a danger posed by the victim, regardless of whether the danger was real or not. *Id.* In such circumstances, the evidence is not being offered to prove the victim is a violent person; rather, it is being offered to prove the accused's own self-defense state of mind and the reasonableness of that state of mind. *Id.*

Appellant's subsequent offer of proof was sufficient to preserve error regarding the trial court's alleged error in denying admission of that testimony. What Appellant's offer of proof failed to do, however, was to demonstrate that she was privy to any of the victim's statements or that she was otherwise aware of the homophobic ideology of those prison gangs or how that knowledge would have affected her state of mind and influenced whether she was truly in fear for Destiny's safety. Other properly admitted testimony did, however, establish that Appellant was aware of the victim's violent tendencies and homophobic personality. Because Appellant's state of mind is always going to be a matter

within the sound discretion of the fact finder, this particular analytical gap only pertains to the persuasive value of this evidence, not its admissibility.

When error has been properly preserved, we review a trial court's decision to admit or exclude that evidence under an abuse of discretion standard. *Henley v. State*, 493 S.W.3d 77, 82-83 (Tex. Crim. App. 2016). A trial court abuses its discretion when the judicial decision to admit or deny the contested evidence falls outside the zone of reasonable disagreement. *Id.* at 83. That is, an appellate court may reverse a trial court's ruling only if it finds the judicial decision in question "was so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Id.* (quoting *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008)). Here, based on the offer of proof actually made, reasonable minds could have disagreed as to whether the proffered evidence was relevant to Appellant's state of mind. Because irrelevant evidence is not admissible; Tex. R. Evid. 402, the exclusion of the evidence proffered in this case was not error because its relevance (and, therefore, its admissibility) was within the "zone of reasonable disagreement." Accordingly, the trial court did not abuse its discretion in denying admission of the proffered testimony. Issue one should be overruled.

Furthermore, even if the proffered evidence was admissible, because the record reveals other evidence supporting Appellant's defensive theory was also before the jury (such as testimony regarding the victim's history of violence against women and children and his use of homophobic slurs), the error, if any, in the exclusion of that testimony was harmless. *Franks v. State*, 90 S.W.3d 771, 805-06 (Tex. App.—Fort Worth 2002, no pet.) (exclusion of evidence was harmless where same evidence was cumulative of other

evidence introduced in the case). Therefore, issue one could also be overruled based on this alternative reasoning.

CONCLUSION

While Appellant did preserve her claim that the trial court erred in denying the admission of certain evidence, she failed to establish that such denial was an abuse of discretion. Furthermore, even if the denial of admission was error, Appellant failed to establish that such error was harmful. Accordingly, although I disagree with the majority's position that error was not preserved, I too would affirm the judgment of the trial court on the basis of the reasons stated hereinabove.

Patrick A. Pirtle
Justice

Do not publish.

6